UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AARON L. YOUNG,

      Plaintiff,

v.                                             Case No.  8:20-cv-1622-SPF

KILOLO KIJAKAZI,
Commissioner of the Social
Security Administration,[1]

      Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of his claim for Supplemental Security Income ("SSI").  As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

    **I.**     **Procedural Background**

Plaintiff filed an application for SSI (Tr. 282–87).  The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 155–59).  Plaintiff then requested an administrative hearing (Tr. 163).  Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 64–95).  Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, and is substituted as Defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Plaintiff's claims for benefits (Tr. 126–47). Subsequently, Plaintiff requested review from the Appeals Council, and the Appeals Council vacated the decision and remanded the case for another hearing (Tr. 148–51). The ALJ held another hearing on October 7, 2019, finding that Plaintiff was not disabled (Tr. 12–31). Plaintiff again requested review from the Appeals Council, which the Appeals Council denied (Tr. 1–5). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.     Factual Background and the ALJ's Decision

Plaintiff, who was born in 1970, claimed disability beginning October 14, 1970 (Tr. 282–87). Plaintiff completed the 10th grade in special education classes (Tr. 37, 45–46). Plaintiff has no past relevant work (Tr. 23). Plaintiff alleged disability due to degenerative disc disease of the cervical and lumbar spine, bipolar disorder, arthritis of the right wrist, hypertension, sleep apnea, and borderline intellectual functioning (Tr. 36).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since the application date of April 15, 2015 (Tr. 17). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of cervical and lumbar spine, osteoarthritis of the bilateral wrists, hypertension, sleep apnea, depression, bipolar disorder, borderline intellectual functioning, and obesity (Tr. 17). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 18). The ALJ then

concluded that Plaintiff retained a residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.97(a) with additional limitations (Tr. 20).[2] In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 21).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff has no past relevant work (Tr. 23). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a final assembler, an envelope addresser, and a lens inserter (Tr. 24). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 25).

---

[2] The ALJ found that Plaintiff had the RFC to perform sedentary work but that the work cannot require climbing ladders, ropes, or scaffolds; more than occasional overhead reaching with the bilateral upper extremities; more than frequent climbing of ramps and stairs, stooping, crouching, or crawling; more than frequent handling of objects with bilateral hands, that is, gross manipulation; more than a moderate exposure to heat and no more than a concentrated exposure to hazards. The ALJ further found that Plaintiff is limited to work that is simple as defined in the DOT at SVP levels 1 and 2; routine and repetitive tasks in a work environment free of fast-paced production requirements, which is defined as constant activity with work tasks performed sequentially in rapid succession; involving only simple-work related decisions; with few, if any, work place changes; and no more than occasional interaction with the general public, coworkers, and supervisors.

### III. Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R.

§§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

IV. Analysis

Plaintiff argues here that the ALJ erred (1) by failing to properly weigh the evidence in accordance with the law; (2) because the RFC finding of sedentary work is not supported by substantial evidence; and (3) by failing to properly evaluate subjective complaints of pain. For the reasons that follow, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

A. Weighing of Evidence

Plaintiff first argues that the ALJ did not weigh or discuss the evidence in accordance with the law (Doc. 20, p. 9). In response, the Commissioner argues that Plaintiff fails to explain with clarity how the ALJ erred, leaving the Commissioner to guess at specific arguments (*Id.*, p. 19). While Plaintiff's argument is not a model of clarity, it appears that he generally argues that the ALJ either improperly failed to assign any weight to medical opinions, or the ALJ's reasons for assigning weight to certain medical opinions are not supported by substantial evidence.[3]

---

[3] The Commissioner objected to Plaintiff's overly broad framing of the issue and argues that the Court need not consider Plaintiff's arguments (Doc. 20, p.9). *See Sappupo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."). Plaintiff's argument suggests that Plaintiff's medical records contain opinions that the ALJ failed to consider and weigh; however, Plaintiff fails to identify these medical opinions in the record (*See, e.g.*, Doc. 20, p. 16). For this reason, the Court will not consider this argument. *See Armstrong v. Jones*, No. 16-cv-14276-ROSENBERG, 2018 WL 11246687, at *6 (S.D. Fla. June 8, 2018) ("A district court cannot be expected to do a petitioner's work for him."), *report and recommendation adopted*, 2018 WL 11246685 (S.D. Fla. July 13, 2018); *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (stating that "district court judges are not required to ferret out delectable facts buried in a massive record"). This Court will, however, consider whether the ALJ's reasons for assigning weight to the medical opinions in the record are supported by substantial evidence.

As an initial matter, the Court notes that, contrary to Plaintiff's suggestion, there are no medical opinions in the record that the ALJ failed to weigh: The ALJ gave significant weight to the opinions of state agency psychological consultants Dr. Lee Reback and Dr. Lynne Westby; significant weight to the assessment completed by state agency medical consultant Dr. Minal Krishnamurthy; minimal weight to psychological consultative examiner Dr. Thomas Antonek; and minimal weight to orthopedic consultative examiner Dr. Matthew Marsh (Tr. 22–23).

The ALJ gave significant weight to the opinions of state agency psychological consultants Dr. Reback and Dr. Westby because the moderate limitations identified in these opinions were consistent with the record evidence (Tr. 23). Plaintiff appears to suggest this was error because Dr. Reback and Dr. Westby did not discuss findings by Dr. Antonek, who performed a psychological consultative exam ("CE"). This is unpersuasive. The reports of Dr. Reback and Dr. Westby both reference Dr. Antonek's CE (Tr. 99, 101, 114, 116). Regardless, even if Dr. Reback and Dr. Westby did not discuss Dr. Antonek's findings, "[a]n ALJ may rely on an opinion of state medical consultants even when the consultant did not review all medical records." *Jefferson v. Comm'r of Soc. Sec.*, No. 3:17-CV-1162-J-PDB, 2019 WL 1417317, at *3 (M.D. Fla. Mar. 29, 2019) (citations omitted).

On the other hand, the ALJ gave minimal weight to the opinions of Dr. Antonek, who performed a psychological CE, because there was only a single examination and the findings were not consistent with the medical evidence regarding mental limitations (Tr. 23, 491–95). Plaintiff appears to challenge the ALJ's decision to give minimal weight to

7

Dr. Antonek's opinion because (1) the record contained no other psychological findings; and (2) it was improper to give more weight to the opinions of the state agency psychological consultants because Dr. Antonek actually examined Plaintiff. As to the first issue, the record does in fact contain other psychological findings, which the ALJ referenced (Tr. 19, 497, 524–25, 530–33, 541–42, 556, 606).[4] As to the second issue, while "the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician," that is not always the case. *Choquette v. Comm'r of Soc. Sec.*, 695 F. Supp. 2d 1311, 1330 (M.D. Fla. 2010); *see also Del Carmen Duarte v. Saul*, No. 20-20131-Civ-WILLIAMS/TORRES, 2020 WL 9048786, at *7 (S.D. Fla. Dec. 23, 2020) ("A non-examining physician can, of course, be given greater weight than a treating physician.").

Here, the ALJ found that Dr. Antonek's opinion inconsistent with the medical evidence regarding Plaintiff's mental limitations. As the ALJ discussed, Plaintiff could perform simple maintenance and attend doctor's appointments; he could provide information and respond to questions from medical providers; and he had a normal mood, normal affect, and the ability to get along with providers and staff (Tr. 19, 38, 497, 499,

---

[4] To the extent Plaintiff suggests this was error because Dr. Antonek was the only mental health professional to evaluate Plaintiff, this argument is also unpersuasive. While it may have been improper for the ALJ to rely solely on the opinions of state medical consultants, the ALJ did not. The ALJ relied on other evidence, including Plaintiff's complete medical records, Plaintiff's reports of daily activities, and Plaintiff's work history (Tr. 20–23). *See Del Carmen Duarte v. Saul*, No. 20-20131-Civ-WILLIAMS/TORRES, 2020 WL 9048786, at *7 (S.D. Fla. Dec. 23, 2020) (stating that "the more difficult question is whether an ALJ's decision can be supported by substantial evidence when the *only* opinion assigned 'great weight' is a non-examining physician" and holding that it can be where the opinion is consistent with other medical evidence in the record).

518, 524–25, 530–33, 541–42, 544, 556, 606). Plaintiff's and Ms. Stone's testimony showed Plaintiff had no difficulty with self-care, he went to church three times a week, and he completed household chores and yardwork (Tr. 38, 51–52, 71, 80). Dr. Antonek's examination also revealed that Plaintiff was fully alert and oriented, had adequate hygiene, remained cooperative during the exam, and only scored in the "moderate" impairment range on mental status exam (Tr. 492, 494). Accordingly, substantial evidence supports the ALJ's decision to give minimal weight to Dr. Antonek's opinion.

The ALJ also gave significant weight to the opinion of state agency medical consultant Dr. Krishnamurthy because it was consistent with the medical evidence of record (Tr. 23). Specifically, Dr. Krishnamurthy opined that Plaintiff could perform medium exertion work (Tr. 23, 119–21). Despite Plaintiff's impairments, Dr. Krishnamurthy noted that Plaintiff's gait was normal and he could ambulate without an assistive device (Tr. 121). The ALJ also noted that this was consistent with Plaintiff's testimony that he is able to complete household chores and some yard work (Tr. 23).

Plaintiff first argues that it was improper to give significant weight to Dr. Krishnamurthy's opinion because he rendered his opinion prior to Plaintiff's slip and fall accident and car accident. In support of this argument, Plaintiff cites to *Brightmon v. Social Sec. Admin., Comm'r*, 743 F. App'x 347, 352–53 (11th Cir. 2018),[5] where the Court held that the ALJ erred in assigning great weight to a state agency consultant's opinion that the Plaintiff could perform medium work when that opinion was rendered before the medical

---

[5] Although not binding precedent, unpublished opinions of the United States Court of Appeals for the Eleventh Circuit may be cited as persuasive authority. 11th Cir. R. 36-2.

record became much more developed.  In *Brightmon*, the Court took particular issue with the fact that the ALJ's RFC determination mirrored that of the consultant:

> However, no expert apart from Dr. Greenberg, whose opinion the ALJ rejected, expressed an opinion about what these post-December 2013 records meant for Brightmon's ability to work despite his impairments. And the fact that the ALJ's RFC assessment mirrored an RFC assessment given in December 2013, before any of this evidence existed, makes it difficult to say that the ALJ properly "[took] into account and evaluate[d] the record as a whole."

743 F. App'x at 353 (alterations in original) (quoting *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986)).

Here, unlike in *Brightmon*, the ALJ did take into account and evaluate the record as a whole.  Although the ALJ gave significant weight to Dr. Krishnamurthy's opinion, his ultimate RFC determination was for sedentary work, not medium work.  Accordingly, the ALJ did not limit his restrictions to those set forth in Dr. Krishnamurthy's opinion, but accounted for those Plaintiff later developed as well.  *See Butler v. Kijakazi*, No. 8:20-cv-382-CPT, 2021 WL 4473132, at *9 (M.D. Fla. Sept. 29, 2021) ("Because the record does not conflict with [the state agency consultant's] findings and the ALJ accounted for the record's development, the Plaintiff's reliance on *Brightmon* fails.").

Finally, the ALJ gave minimal weight to the opinion of Dr. Marsh (Tr. 23).  Dr. Marsh performed an orthopedic CE in September 2018, in which he opined that Plaintiff could perform less than sedentary work with additional limitations (Tr. 589–603).  The ALJ gave minimal weight to this opinion because this one-time examination was not consistent with the rest of the evidence (Tr. 23).  The ALJ noted that while Plaintiff exhibited a reduced range of motion, he had normal muscle strength, normal upper

extremity appearance, and normal gait (Tr. 23).  These findings contradict Dr. Marsh's extremely limiting opinion.

In essence, Plaintiff asks this Court to reweigh the evidence.  The ALJ considered the medical opinions, objective medical evidence, Plaintiff's testimony, and the record as a whole.  Because substantial evidence supports the ALJ's decision, this Court will not reweigh the evidence.  *See Porto v. Acting Comm'r of Soc. Sec. Admin.*, 851 F. App'x 142, 147 (11th Cir. 2021).

### B.  RFC Finding

Next, Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because it fails to account for limitations identified by Dr. Marsh (*See* Tr. 589–603).  Plaintiff suggests that because the RFC of sedentary work contemplates that he can lift and carry up to ten pounds at a time, can sit for most of an eight-hour workday, and can occasionally stand or walk, it is inconsistent with Dr. Marsh's opinion that Plaintiff can sit for no more than two hours in an eight-hour workday, and can stand or walk for less than five minutes at a time without interruption.  As discussed above, however, the ALJ gave minimal weight to Dr. Marsh's assessment because it was inconsistent with the evidence as a whole, and substantial evidence supports this decision.  Accordingly, Plaintiff's RFC did not need to account for the limitations identified by Dr. Marsh.  *See Bullard v. Comm'r of Soc. Sec. Admin.*, No. 8:19-cv-289-T-23MCR, 2020 WL 3668792, at *6 n.10 (M.D. Fla. Feb. 20, 2020) ("[T]he ALJ's RFC assessment did not need to mirror or match the findings or opinions of any particular medical source because

11

the final responsibility for assessing the RFC rests with the ALJ."); *Kopke v. Astrue*, No. 8:11-CV-1197-T-30TGW, 2012 WL 4903470, at *5 (M.D. Fla. Sept. 26, 2012) (same).

Plaintiff also argues that the RFC of sedentary work does not account for Plaintiff's complaints of pain, confirmed by findings of orthopedic examiners, because it contains no provision for being off task during the workday. The RFC need not account for these complaints of pain, however, as the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not consistent with the evidence (Tr. 21). As more fully explained in the next section, this determination is supported by substantial evidence. In making this determination, the ALJ considered Plaintiff's conservative treatment history, Plaintiff's work history, and the objective medical evidence.

Substantial evidence supports the ALJ's finding that Plaintiff can perform a reduced range of sedentary work. Dr. Antonek's CE showed that Plaintiff was fully alert and oriented, had adequate hygiene, was cooperative and compliant, and only scored in the moderate impairment range on the mental status exam (Tr. 21, 492, 494). A physical CE from the same time period was largely unremarkable and within normal limits (Tr. 22, 499). While Plaintiff suffered a slip and fall in 2016, Plaintiff was only prescribed a conservative course of chiropractic care afterward (Tr. 22, 519–21). Plaintiff's 2017 car accident resulted in only mild injuries requiring conservative treatment in the form of physical therapy. (Tr. 22, 577–79). Dr. Marsh's 2018 CE showed that Plaintiff had a normal gait with no unsteadiness, normal posture, full strength in all neck muscles, no lower extremities abnormalities, a full range of motion, and full strength (Tr. 22, 601).

Plaintiff's own testimony revealed that he had no difficulty with self-care, attended church three times per week, completed household chores, and completed some yardwork. *See, e.g.*, *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1306 (11th Cir. 2018) (finding that substantial evidence supported RFC of sedentary work where claimant had mild spine and joint problems, a full range of motion, and no gait disturbance); *Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 895–96 (11th Cir. 2010) (substantial evidence supported RFC of sedentary work where claimant could walk effectively with a cane, had no loss of motion or deformity in major joints, and had only mild lumbar paravertebral muscle spasms).

Plaintiff's argument here is, in essence, that there is evidence in the record that *could* support a different RFC determination. This is outside of the scope of this Court's review. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) ("To the extent that Moore points to other evidence which would undermine the ALJ's RFC determination, her contentions misinterpret the narrowly circumscribed nature of our appellate review, which precludes us from 're-weigh[ing] the evidence or substitut[ing] our own judgment for that [of the Commissioner]' . . . .") (alterations in original); *Thomas v. Comm'r of Soc. Sec.*, No. 3:19-cv-943-J-PDB, 2020 WL 5810234, at *3 (M.D. Fla. Sept. 30, 2020) ("The mere existence of an impairment does not reveal its effect on a claimant's ability to work or undermine RFC findings.") (quotations and citations omitted).

Remand for reconsideration of Plaintiff's RFC is unwarranted.

### C. Subjective Complaints of Pain

Finally, Plaintiff argues that the ALJ improperly evaluated his subjective complaints of pain (Doc. 20, p. 34). In determining whether a claimant is disabled, the ALJ must consider all symptoms, including pain, and the extent to which those symptoms are reasonably consistent with the objective medical evidence and other evidence. 20 C.F.R. § 416.929(a). Once a claimant establishes that his pain or other subjective symptoms are disabling, "all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Land v. Comm'r of Soc. Sec.*, 843 F. App'x 153, 155 (11th Cir. 2021) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)).

The Eleventh Circuit has established a three-part "pain standard" for the Commissioner to apply in evaluating a claimant's subjective complaints. The standard requires: (1) evidence of an underlying medical condition; and either (2) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (3) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). "When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." *Davis v. Astrue*, 287 F. App'x 748, 760 (11th

Cir. 2008) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)). If an ALJ rejects a claimant's subjective testimony, he must articulate explicit and adequate reasons for his decision. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).[6]

The regulations define "objective evidence" to include medical signs shown by medically acceptable clinical diagnostic techniques or laboratory findings. 20 C.F.R. § 416.929(c)(2). "Other evidence" includes evidence from medical sources, medical history, and statements about treatment the claimant has received. *See* 20 C.F.R. § 416.929(c)(3). In the end, subjective complaint evaluations are the province of the ALJ. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014).

Here, the ALJ relied on boilerplate language in assessing Plaintiff's subjective pain complaints:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statement concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record.

(Tr. 21). This language directly addresses the Eleventh Circuit's pain standard and is not improper *if* supported by substantial evidence. *See Danan v. Colvin*, No. 8:12-cv-7-T-27TGW, 2013 WL 1694856, at * 3 (M.D. Fla. Mar. 15, 2013), *report and recommendation adopted* 2013 WL 1694841 (M.D. Fla. Apr. 18, 2013).

---

[6] In 2017, the SSA issued new guidance to ALJs about how to evaluate subjective complaints of pain and other symptoms. The SSA eliminated the use of the term "credibility" from its sub-regulatory policy, as the Regulations do not use this term. SSR 16-3p, 2017 WL 5180304, *2 (Oct. 25, 2017). This change "clarif[ied] that subjective symptom evaluation is not an examination of an individual's character." *Id.*

Here, the Court finds that it is. In evaluating Plaintiff's subjective complaints, the ALJ explained that Plaintiff's allegations were not supported by his treatment records (Tr. 21). An August 2015 CE with Dr. Antonek showed that Plaintiff was fully alert and oriented, had adequate hygiene, was cooperative and compliant, and only scored in the moderate impairment range on the mental status exam (Tr. 21, 492, 494). A physical CE from the same time period was largely unremarkable and within normal limits (Tr. 22, 499).[7] The ALJ then acknowledged Plaintiff's 2016 slip and fall accident, but noted that Plaintiff did not appear in distress although there was some pain with motion of the spine (Tr. 22, 519–20). The ALJ also discussed Plaintiff's 2017 car accident, but noted that Plaintiff's injuries were mild and that he started conservative treatment in the form of physical therapy. (Tr. 22, 577–79). Finally, the ALJ discussed Plaintiff's 2018 CE with Dr. Marsh, which showed that Plaintiff had normal gait with no unsteadiness, normal posture, full strength in all neck muscles, no lower extremities abnormalities, a full range of motion, and full strength (Tr. 22, 601). The ALJ also considered Plaintiff's demeanor at the hearing, his conservative treatment history, his poor work history, and Plaintiff's own reports of daily activities (Tr. 21).

Plaintiff first challenges the ALJ's assessment of his pain complaints by arguing that the ALJ engaged in "sit and squirm" jurisprudence. "Sit and squirm" jurisprudence occurs when "an ALJ who is not a medical expert . . . subjectively arrive[s] at an index of

---

[7] For example, Plaintiff was ambulatory without an assistive device; appeared comfortable; could get on and off the table easily; did not appear tired; had a normal gait; had no stiffness, effusion, or swelling of any joints; had no paraspinal muscle tenderness; and had normal motor strength bilaterally in the upper and lower extremities (Tr. 499).

traits which he expects the claimant to manifest at the hearing" and denies the claim if the claimant does not exhibit these traits. *Wilson v. Heckler*, 734 F.2d 513, 517 (11th Cir. 1984) (quotation omitted). In this Circuit, however, it is not inappropriate for the ALJ to observe and comment upon a claimant's demeanor as long as that observation is not offered as the sole basis for discounting the Plaintiff's subjective complaints. *See Macia v. Bowen,* 829 F.2d 1009, 1011 (11th Cir. 1987) (citations omitted); *see also* 20 C.F.R. § 416.929(c)(3).

Here, the ALJ commented in his decision that the Plaintiff's "demeanor at the hearing did not indicate one in great distress or discomfort during his testimony." (Tr. 21). The ALJ did not, however, predicate his finding regarding Plaintiff's subjective complaints merely on this observation. As noted above, he instead based that finding on Plaintiff's overall medical history, his activities of daily living, his own testimony, and his work history (Tr. 21). Accordingly, because the ALJ did not solely rely on Plaintiff's demeanor at the hearing in reaching his determination, the Court finds that the ALJ did not improperly engage in "sit and squirm" jurisprudence. *See Dupont v. Colvin*, No. 3:15cv246/EMT, 2016 WL 5334672, at *7 (N.D. Fla. Sept. 22, 2016) (finding that the ALJ did not engage in "sit and squirm" jurisprudence where the ALJ "made only [one] lone comment . . . regarding Plaintiff's appearance at the hearing, as one factor among others while determining the credibility or extent of Plaintiff's symptoms").

Plaintiff next challenges the ALJ's assessment of his pain complaints by generally pointing to treatment records which allegedly could have led the ALJ to find Plaintiff's subjective complaints supported by the record. Plaintiff appears to suggest that his having an impairment *necessarily* should result in the ALJ finding Plaintiff's statements regarding

17

the intensity, persistence, and limiting effects of his symptoms to be consistent with the evidence. Yet, as the Commissioner points out, ALJs evaluate the intensity, persistence, and limiting effects of a claimant's pain even if the underlying conditions are expected to cause pain. *See* 20 C.F.R. § 416.929(c)(1) ("When the medical signs or laboratory findings show that you have a medically determinable impairment(s) that could reasonably be expected to produce your symptoms, such as pain, we must then evaluate the intensity and persistence of your symptoms so that we can determine how your symptoms limit your capacity for work . . . ."). Indeed, "the mere existence of these impairments does not reveal the extent to which they limit [Plaintiff's] ability to work or undermine the ALJ's determination in that regard." *Moore*, 405 F.3d at 1213 n.6; *see also Fritts v. Saul*, No. 1:20-00064-N, 2021 WL 1183807, at *10 (S.D. Ala. Mar. 29, 2021) ("Fritts concludes her argument . . . by pointing to various other signs and diagnoses in the record that she claims support her subjective complaints of pain. However, . . . the fact Fritts can cite to some evidence cutting against the ALJ's creditability determination does not warrant reversal, as an ALJ's factual determinations, if supported by substantial evidence, must be upheld even if the evidence preponderates against them.").

      Considering this, Plaintiff has not shown that the ALJ ran afoul of the Eleventh Circuit's pain standard. *See Holt*, 921 F.2d at 1221. The ALJ articulated specific and adequate reasons for discrediting Plaintiff's subjective complaints. *Foote*, 67 F.3d at 1561–62. To the extent Plaintiff asks the Court to re-weigh the evidence or substitute its opinion for that of the ALJ, it cannot. If the ALJ's findings are based on the correct legal standards and are supported by substantial evidence – as they are here – the Commissioner's decision

must be affirmed even if the undersigned would have reached a different conclusion. *See Bloodsworth*, 703 F.2d at 1239. On this record, the ALJ did not err in considering Plaintiff's subjective complaints.[8]

## V. Conclusion

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

**ORDERED** in Tampa, Florida, on this 28th day of February 2022.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

---

[8] The undersigned reiterates that, when reviewing an ALJ's decision, the Court's job is to determine whether the administrative record contains enough evidence to support the ALJ's factual findings. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, ___ U.S. ___; 139 S.Ct. 1148, 1154 (2019). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Id.* In other words, the Court is not permitted to reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).